UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FIRST INVESTORS FINANCIAL SERVICES, INC., <br><br>  Plaintiff, <br><br> vs. <br><br> SEAN N. FARMER and REBECCA L. MALONEY f/k/a REBECCA FARMER, <br><br>  Defendants. | No.  CV-13-0353-JLQ <br><br> ORDER OF REMAND PURSUANT TO 28 U.S.C. § 1452 |

BEFORE THE COURT is Plaintiff First Investors Financial Services, Inc. ("First Investors") Motion for Order to Show Cause (ECF No. 2) and Motion for Order Waiving Replevin Bond (ECF No. 4). A telephonic hearing was held on the Motions on November 21, 2013. Kimberly Raphaeli appeared for Plaintiff First Investors. Charles Steinberg appeared for Defendant Rebecca Maloney. No one appeared on behalf of Sean Farmer.

**I. Introduction: Claims and Procedural History**

First Investors filed a Complaint in state court on August 19, 2013, alleging failure to pay a debt and seeking to repossess a 2003 GMC Yukon. Notice of Removal was filed on October 7, 2013, by counsel for Rebecca Maloney. The Notice represents that Sean Farmer consented to the removal, however Mr. Farmer has not appeared in federal court, has not filed anything in this case, and did not appear for the hearing. There is a return of service on file showing that Sean Farmer was served on September 23, 2013. (ECF No. 1-1, p. 36). The Notice of Removal further states that removal is proper

ORDER - 1

pursuant to 28 U.S.C. § 1334(e) because the case "involves the administration of bankruptcy laws, and enforcement of lawful orders of the Bankruptcy Court." (ECF No. 1-1, p. 2).

Rebecca Maloney filed an Answer and Counterclaim (ECF No. 6) on October 28, 2013. The Counterclaim asserts that Rebecca's debt on the GMC Yukon was successfully discharged under a three-year Chapter 13 bankruptcy plan and that First Investor's attempts to collect on the discharged debt are illegal and have caused her emotional distress. First Investor counters that only Rebecca's debt was discharged and that her husband, Sean Farmer, still owes on the vehicle, has not paid, and First Investor is entitled to possession. It is Rebecca's position that she was awarded the vehicle in divorce proceedings in 2009, prior to her filing for bankruptcy in 2010, and that she is entitled to possession in addition to damages for wrongful collection attempts.

## II. Discussion

### A. Plaintiff First Investor's Request for Repossession

Rebecca argues that a bankruptcy court is allowed to modify a debt and that during bankruptcy the amount of First Investors' secured claim was reduced to $9,375, that First Investors failed to object to this valuation, and that she paid off the debt and received a discharge. This argument does not address that Sean is co-debtor on the vehicle. First Investors argues that "the discharge provisions in bankruptcy do not extend or apply to any debt of a former spouse." (ECF No. 11, p. 5). First Investors has filed 2013 Washington state vehicle licensing information which shows Sean and Rebecca as registered owners and First Investors as the legal owner. (ECF No. 12). First Investors concedes that it "is legally prohibited from collecting the debt against [Rebecca] Maloney," but argues it is not so prohibited from collecting the debt from Sean Farmer. (ECF No. 11, p. 6).

First Investors cites to three Washington state opinions in support of the argument that Sean remains liable for the debt. In *Arneson v. Arneson*, 38 Wash.2d

ORDER - 2

99, 101 (1951), the Washington Supreme Court stated that creditors of the spouses are not parties to a divorce proceeding and "[i]t would appear elementary then, that there is no due process of law in a divorce action as to the rights of creditors of the spouses. The judgment can neither conclusively determine their rights, nor be made available on their behalf as a basis for any of the provisional remedies."

Similarly, in *In re Marriage of Bobbitt*, 135 Wash.App. 8 (2006), the court found that even when one party is awarded property in a dissolution decree, the other spouse may remain liable for the debt. The court stated, "Consistent with Washington law, even though the liability for the mortgage was assigned to Bobbitt, Esser was still subject to the mortgage owed the third-party community creditor, namely the mortgage holder." *Id.* at 17. The court then cites a family law treatise which states: "distribution of community property to the spouses does not prevent a community creditor from pursuing the former community property in the hands of either spouse. From the perspective of the creditor it makes no difference that the decree which terminated the marriage allocated the debt to be paid by one spouse or the other." *Id.* <u>citing</u> Kenneth W. Weber, Washington Practice: Family and Community Property Law § 14.11.

Under the divorce decree, liability for the GMC Yukon was assigned to Rebecca. The community's liability for the GMC Yukon debt was assigned to Rebecca, with the notation that "Sean is to have no financial obligation on this debt, and his name is to removed from the vehicle title AND loan upon issuance fo the Final Divorce Decree." (ECF No. 29, p. 11). However, it does not appear that his name was removed from the vehicle title or loan. Rebecca and Sean were divorced at the time Rebecca filed for bankruptcy, and Sean did not receive a discharge in bankruptcy. Rebecca did file for bankruptcy and proposed a Chapter 13 bankruptcy plan in which the secured amount of First Investors' loan was reduced to $9,375. She then timely made payments for three years to pay off that amount. The "fresh start"

ORDER - 3

policy underlying the bankruptcy laws would be defeated if First Investors was able to repossess the vehicle from Rebecca after failing to object to the modification of the debt by the bankruptcy court and accepting the modified payments for three years. "Bankruptcy relief attempts to provide the debtor with a fresh start unhampered by the pressure and discouragement of preexisting debt." *In re Marriage of Myers*, 54 Wash.App. 233, 236 (1989).

Rebecca is currently in possession of the vehicle.  She received a discharge in bankruptcy.  The court does not find, as to Rebecca, that First Investors is entitled to possession of the vehicle.  Accordingly, First Investors' Motion for Order to Show Cause (ECF No. 2) which seeks an order putting First Investors in immediate possession of the vehicle is DENIED.  First Investors' Motion for Order Waiving Replevin Bond (ECF No. 4) is DENIED AS MOOT.

**B.  Remand**

This action was removed pursuant to 28 U.S.C. § 1334.  Federal courts have original jurisdiction over cases which are related to bankruptcy proceedings. *In re Schwartz*, 2012 WL 899331 (N.D.Cal. 2012).  Under this 'related to' test, "jurisdiction exists over any case where the outcome could conceivably have any effect on the estate being administered in bankruptcy." *Id.* citing *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1193 (9th Cir. 2005).  Additionally, Rebecca invoked Section 1334(e) for this removal, and contends that this court has jurisdiction as the claim involves the property of the bankruptcy estate, namely the 2003 GMC Yukon.

The United States Code, Title 28, Section 1452 provides in relevant part that claims related to bankruptcy and removed under Section 1334 may be remanded on equitable grounds.  Specifically: "The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b).  Case law has identified several factors as relevant in determining whether to remand under Section 1452: 1) the effect of the action on the

ORDER - 4

administration of the bankruptcy estate; 2) the extent to which the issues of state law predominate; 3) the difficulty of applicable state law; 4) comity; 5) the relatedness or remoteness of the action to the bankruptcy case; 6) the existence of right to a jury trial; and 7) prejudice to the party involuntarily removed from state court. *Parke v. Cardsystems Solutions*, 2006 WL 2917604 (N.D. Cal. 2006).  Having considered those factors, this court finds remand in this case is appropriate as the state courts are better suited to determine whether First Investors can collect any remaining obligation on the GMC Yukon from Sean, and can determine the effect of the state dissolution of marriage proceeding.

**IT IS HEREBY ORDERED:**

1. First Investors' Motion for Order to Show Cause (ECF No. 2) which seeks an order putting First Investors in immediate possession of the vehicle is **DENIED**.

2. First Investors' Motion for Order Waiving Replevin Bond (ECF No. 4) is **DENIED AS MOOT**.

3. The Scheduling Conference set for December 19, 2013, is HEREBY **VACATED**.

4. This action is **REMANDED** to the Superior Court of Douglas County for all further proceedings pursuant to 28 U.S.C. § 1452.  The Clerk of this court is directed to mail a certified copy of this Order to the Clerk of the Superior Court of Douglas County.

**IT IS SO ORDERED**.  The Clerk is directed to enter this Order, furnish copies to counsel, and close this file.

Dated December 11, 2013.

```
                    s/ Justin L. Quackenbush
                 JUSTIN L. QUACKENBUSH
            SENIOR UNITED STATES DISTRICT JUDGE
```

ORDER - 5